**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

JONATHAN WESLEY JAMES                                                    PLAINTIFF

v.                                        4:20CV00099-LPR-JTK

KEVIN MOLDER, et al.                                                    DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Lee

P. Rudofsky. Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.   If

the objection is to a factual finding, specifically identify that finding and the evidence that supports

your objection.    An original and one copy of your objections must be received in the office of the

United States District Court Clerk no later than fourteen (14) days from the date of the findings

and recommendations.   The copy will be furnished to the opposing party.    Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a

Hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any

documentary or other non-testimonial evidence desired to be introduced at the hearing

before the District Judge.

From this submission, the District Judge will determine the necessity for an additional

evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

### I.    Introduction

Plaintiff Jonathan James is an inmate at the Van Buren County Jail who filed this pro se 42

U.S.C. § 1983 action alleging unconstitutional conditions of confinement (Doc. No. 2). By Order

dated March 3, 2020, this Court granted Plaintiff's Motion to Proceed in forma pauperis and

directed him to submit an Amended Complaint within thirty days, noting that his Complaint was

too vague to support a constitutional claim for relief. (Doc. No. 6) As of this date, Plaintiff has not

submitted an Amended Complaint.

Having reviewed Plaintiff's Complaint, the Court finds it should be dismissed, for failure

to state a claim upon which relief may be granted.

### II.    Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner

complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. §

1915A(a).    The Court must dismiss a complaint or portion thereof if the prisoner has raised claims

2

that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).    Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).    An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).    In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972).    The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570.    A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7.    The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."    Id.

3

III.    **Facts and Analysis**

To support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993).   Plaintiff alleged his pod was overcrowded, requiring many inmates to sleep on the floor, and that they were served inadequate portions of food.    He also alleged that from December 13, 2019 until December 27, 2019 he was denied the right to mail, denied one hour per day out of lockdown, and that he was denied a shower for five days. The Court noted in the March 3, 2020 Order that Plaintiff's allegations were too vague and conclusory to support a constitutional claim for relief, and the Court provided him with directions about what facts/allegations should be included in an Amended Complaint. (Doc. No. 6, pp. 3-4)

Since Plaintiff stated in his Complaint that he was a pretrial detainee at the time of his incarceration, the due process standard of the Fourteenth Amendment applies to determine the constitutionality of his conditions of confinement. "Under the Fourteenth Amendment, pretrial detainees are entitled to 'at least as great' protection as that afforded convicted prisoners under the Eighth Amendment." Owens v. Scott County Jail, 328 F.3d 1026 (8th Cir. 2003) (quoting City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244 (1983)). "[I]nmates are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time." Howard v. Adkison, 887 F.2d 134, 137 (8th Cir. 1989).

Conditions which "deprive inmates of the minimal civilized measure of life's necessities," may be considered cruel and unusual, and therefore, unconstitutional. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). In determining when pretrial detention is considered unconstitutionally

punitive, the courts apply the Eighth Amendment deliberate indifference standard, focusing on the length of exposure to unsanitary conditions and the degree to which the conditions are unsanitary. Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir. 1994). "Conditions of confinement, however, constitute cruel and unusual punishment 'only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise.'" Id., (quoting Wilson v. Seiter, 501 U.S. 294, 304 (1991)).

"Although the Eighth Amendment s prohibition of cruel and unusual punishment bars more than physical torture, 'discomfort compelled by conditions of confinement, without more, does not violate the amendment.'" Martin v. Byrd, No. 4:07cv01184SWW, 2008 WL 686936 * 4 (E.D.Ark.2008) (quoting Smith v. Coughlin, 748 F.2d 783, 787 (2d Cir. 1984) (other citations omitted.))

In his Complaint, Plaintiff failed to allege anything more than discomfort caused by overcrowding and inadequate portions of food.   He did not allege that he was required to sleep on the floor or that he was denied adequate bedding, and he was not specific about the portions of food served to him.   In addition, his allegations concerning mail and exercise involved a relatively short period of time, and he did not allege a legal injury caused by the lack of mail or that he was denied the opportunity to exercise within his cell area. Finally, his allegation that the was not allowed to shower for five days does not state a claim of a "deprivation of a single, identifiable human need." Whitnack, 16 F.3d at 957 (other citations omitted).

Therefore, because Plaintiff failed to submit an Amended Complaint to clarify his allegations against Defendants, the Court finds the Complaint should be dismissed, for failure to state a claim upon which relief may be granted.

**IV.    Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1.      Plaintiff's Complaint against Defendants be DISMISSED without prejudice, for

failure to state a claim upon which relief may be granted.

2.      Dismissal of this action constitute a "strike" within the meaning of the Prison

Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

3.      The Court certify that an in forma pauperis appeal from an Order and

Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. §

1915(a)(3).

IT IS SO RECOMMENDED this 13th day of April, 2020.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1]The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.